CHARLES SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 12477-77.
United States Tax Court
T.C. Memo 1979-341; 1979 Tax Ct. Memo LEXIS 183; 38 T.C.M. (CCH) 1334; T.C.M. (RIA) 79341; August 28, 1979, Filed Charles Smith, pro se. Karen Martino, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined the following income tax deficiencies and additions to tax against petitioner: Additions to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1968
$ 2,406.22
$ 1,203.11
$76.96
1969
2,621.21
2,345.58
1970
3,694.52
2,905.36
1971
11,694.03
5,847.02
1972
1,022.91
511.46
The document which petitioner sent to this Court to initiate this case was merely a four-line letter in which he gave his address and stated that he wished to "contest or protest" the deficiency. It contained no assignments of error or allegations of fact. It was received by the Court on December 19, 1977. Notwithstanding that it *184 was woefully inadequate as a petition, the Court nevertheless trated it as an imperfect petition that was sufficient to invoke the jurisdiction of this Court. However, it ordered on December 21, 1977, that the petitioner file a "proper amended petition" on or before February 21, 1978, and that if such amended petition were not received by that date the case would be dismissed and a decision entered in the amount of the deficiency determined by the Commissioner.No such proper amended petition was filed, and the Court on April 20, 1978, entered a further order that petitioner comply with the order of December 21, 1977, or show cause at a hearing on June 7, 1978, why the case "should not be dismissed insofar as it relates to those issues upon which petitioner has the burden of proof * * *." There was no appearance by or on behalf of petitioner at the June 7, 1978, hearing, and the Court on that date ordered that the order to show cause be made absolute, that the case be dismissed for lack of prosecution insofar as it pertained to the income tax deficiencies and the section 6654(a) addition to tax, that the respondent file an answer to the imperfect petition setting forth factual allegations *185 relating to the section 6653(b) additions for fraud, in respect of which the burden of proof was upon the respondent, and that the case be calendared for trial limited solely to the presentation of evidence with respect to the additions to tax for fraud. The respondent, on August 7, 1978, filed an Answer in response to the foregoing order of June 7, 1978, in which he set forth detailed allegations which in his view established the requisite fraud for each of the years, and which, in addition, foreclosed by collateral estoppel any defense to fraud for the year 1972 by reason of petitioner's conviction on a plea of guilty in a criminal case involving a charge that petitioner wilfully attempted to evade and defeat a large part of his 1972 income taxes by filing a false and fraudulent return for that year.Petitioner did not file any Reply to respondent's Answer, and respondent on January 4, 1979, filed a motion under Rule 37(c) of the Rules of this Court for the entry of an order that the undenied allegations in his Answer be deemed admitted. After due notice was served upon petitioner January 5, 1979, a hearing was held on the respondent's foregoing motion on February 7, 1979, at which *186 there was no appearance by or on behalf of petitioner, nor did petitioner submit any written response. The Court thereupon granted the motion and ordered on the same day, February 7, 1979, that specified allegations in the Answer be deemed admitted for purposes of the case. The case was then calendared for trial at a session of the Court beginning June 18, 1979, and notice thereof was served on petitioner on March 15, 1979. At the call of the trial calendar on June 18, 1979, petitioner appeared for the first time in the entire history of the case in this Court.The case was then set for trial on June 21, 1979. When the case was called for trial on June 21, 1979, the Government, in order to carry its burden of proof, relied upon the undenied allegations of its Answer which had been deemed admitted. The petitioner made a feeble attempt to contradict a few, and only a few, of the items involved in the determination of the basic deficiency against him, which had already become fixed as a result of the order of June 7, 1978, dismissing the case for lack of prosecution insofar as it pertained to the income tax deficiencies and the section 6654(a) addition to tax. We found petitioner's *187 fragmentary evidence confusing and unpersuasive, as well as unacceptable in view of the procedural posture of the case. He apparently recognized the unsatisfactory character of his presentation, and asked for a continuance for the purpose of retaining a lawyer. In view of the history of this case, particularly petitioner's utter disregard of all notice of hearings previously sent to him and his failure to retain counsel up to the time of trial, notwithstanding that notice of the trial was served upon him some three months earlier, we concluded that the request for a continuance was merely for the purpose of delay and it was denied as unwarranted. Petitioner attempted to excuse his prior delinquencies by representing that he thought his tax problems were being taken care of by someone named Christopher Mack at an organization known as "Christopher Enterprises, Inc." It is true that there is some indication that petitioner had at one time consulted a "Christopher Mack" at the foregoing organization. Mr. Mack is not a member of the bar of this Court and there is no suggestion that he is even a lawyer or a certified public accountant. He certainly never entered an appearance in this *188 case. Moreover, long before the trial the Court had received a "To Whom it may concern" communication on the stationery of Christopher Enterprises, Inc., dated June 15, 1978, and signed "Christopher Mack", [1] to the effect that the writer had "not seen, heard from and [had] no knowledge of Mr. Charles Smiths (sic) whereabouts" as of that time, and stated that he could not "accept the responsibility of accepting his mail." We did not believe petitioner's representations that he relied upon Christopher Enterprises, Inc., or Mr. Christopher Mack to take care of his tax problems to the extent that they involved the hearing on the Rule 37(c) motion and the trial itself. We do not suggest that any such possible reliance would have excused his delinquencies, but we concluded that there was in fact no such reliance, at least from the date of the foregoing communication, and we have serious doubt as to whether there was any reasonable reliance in respect of any of the matters prior to that time. *189 It is of course true that the burden of proof was upon the Government to establish fraud by clear and convincing evidence, but it is also plain that such burden may be discharged by the affirmative allegations in the answer which have been deemed admitted pursuant to Rule 37(c) of our Rules of Practice and Procedure. ; ; ; cf. P-H Memo. T.C. par. 76,115 (1976). The undenied allegations in this case thus deemed admitted establish for purposes of this litigation a consistent pattern of comparatively large amounts of unreported income over the period of years involved herein, which together with other facts similarly deemed established, convince us that all or part of the underpayment for each of the years 1968 to 1972, inclusive, was due to fraud with intent to evade tax. We so find as a fact. Moreover, the requisite fraud in respect of 1972 is in any event established through the doctrine of collateral estoppel by reason of petitioner's *190 conviction in the criminal case referred to above. Decision will be entered for the respondent. Footnotes
1. The signature appeared over the typed word "Christopher". Upon a casual inspection of the signature at the trial we found it illegible, but upon subsequent closer examination we are satisfied that it is "Christopher Mack".↩